## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **STACEY OYER, individually and on behalf of all others similarly situated;** | § § § | **CASE NO. _____** |
| | § | **COMPLAINT FOR VIOLATIONS** |
| **Plaintiff,** | § § | **OF THE FAIR LABOR STANDARDS ACT AND STATE** |
| **v.** | § § | **WAGE AND HOUR LAW; CLAIMS FOR DAMAGES,** |
| **H&R BLOCK ENTERPRISES LLC, H&R BLOCK ENTERPRISES, INC., and** | § § | **RESTITUTION AND INJUNCTIVE RELIEF** |
| **H&R BLOCK EASTERN ENTERPRISES, INC.** | § § | **COLLECTIVE ACTION AND** |
| | § | **CLASS ACTION** |
| **Defendants.** | § § | **DEMAND FOR JURY TRIAL** |
| | § § | |

Plaintiff Stacey Oyer individually and on behalf of other similarly situated employees (hereinafter collectively referred to as ("Plaintiff" or "Named Plaintiff"), brings this lawsuit against Defendants H&R Block Enterprises LLC, H&R Block Enterprises, Inc., and H&R Block Eastern Enterprises, Inc. (hereinafter, collectively "Defendants" or "H&R Block") seeking to recover for Defendants violations of the Fair Labor Standards Act (hereinafter "FLSA") and New York state wage and hour laws.

### INTRODUCTION

1.        This action is brought on behalf of all "tax professionals", "tax associates" and individuals holding comparable positions with different titles employed by H&R Block within the United States and within the State of New York. H&R Block has required the Plaintiff and all other similarly situated tax professionals to complete 24 hours of mandatory training in the course of their employment, yet failed to pay, and continues to fail to pay, these employees at least the minimum wage for these hours in which they worked.

## NATURE OF THE ACTION

2.        Plaintiff alleges on behalf of herself and other current and former tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated current and former employees holding comparable positions with different titles, employed by Defendants in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages in an amount not less than the FLSA's minimum wage for the 24 hours of tax preparation training they are required to complete and that is directly related to their employment with Defendants, as required by 29 U.S.C. § 206, 29 CFR § 785.27, 29 CFR § 785.28, 29 CFR § 785.29; and, (ii) entitled to liquidated damages pursuant to the FLSA.

3.        Plaintiff also brings this action on behalf of all persons who were, are or will be employed by H&R Block in New York, as tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated employees holding comparable positions with different titles (the "New York Class"), at any time since March 4, 2004 through the date of the final disposition of this action (the "New York Class Period"), and who were not, are not, or will be not be paid wages in an amount not less than minimum wage under the applicable New York Labor Law for the 24 hours of mandatory training that they are required to complete and that is directly related to their employment with Defendants.

## JURISDICTION AND VENUE

4.        The Court has federal question jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.        The Court has original jurisdiction over the New York class claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the Named Plaintiff's proposed class; (2) at least some of the

members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

6.    This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law minimum wage claims because those claims derive from a common nucleus of operative facts.

7.    This Court has personal jurisdiction over Defendants because they are doing business in New York and in this district, and because many of the acts complained of have occurred in this state and this District and gave rise to the claims alleged.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

9.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

10.    Plaintiff Stacey Oyer was, at all relevant times, and adult individual, residing in Frewsburg, New York. Plaintiff's consent has been attached hereto as Exhibit A.

11.    Plaintiff Oyer was employed by Defendants from November 2005 through March 2009 as a tax preparer holding the title of tax associate in Defendants' office located at 1800 Washington Street, Jamestown, New York.

12.    Upon information and belief, Defendant H&R Block Enterprises LLC is a Missouri limited liability company, with its principal place of business at One H&R Block Way, Kansas City, Missouri 64105.

13.    Upon information and belief, H&R Block Enterprises LLC is a Missouri limited liability company, with its principal place of business at One H&R Block Way, Kansas City, Missouri 64105.

14.     Upon Information and belief, H&R Block Eastern Enterprises, Inc. is a corporation organized and existing under the laws of the state of Missouri, with its principal place of business at One H&R Block Way, Kansas City, Missouri 64105.

15.     Collectively, and for purposes of this litigation, the H&R Block entities comprise one of the best known tax-preparer services in the country.  According to its website, in which the various H&R Block entities are referred to collectively:

> H&R Block is the world's largest tax preparation business, employing 100,000 tax professionals and having served more than 400 million clients.
>
> Today, H&R Block:
>
> - Prepares 1 in every 7 tax returns
> - Has a retail office within 5 miles of most Americans
> - Delivers customized tax advice for more than 400 occupations
> - Files 1 in every 4 Earned Income Tax Credits
> - Has helped clients obtain nearly $30 billion in tax refunds, credits and other government benefits

See, http://www.hrblock.com/company/index.html.

16.     Upon information and belief, each Defendant was the principal, agent, partner, joint venture, controlling shareholder or affiliate of the other Defendants, and/or was engaged with the other Defendants in a joint enterprise for profit, and bore such other relationships to the other Defendants so as to be liable for their conduct.

17.     Defendants operated as a single enterprise.

18.     Defendants have maintained a uniform common policy and practice of, *inter alia*:(1) not paying tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated employees holding comparable positions with different titles, for all hours worked; (2) not tax professionals, tax associates, tax specialists, tax professional assistants, and similarly situated employees holding comparable positions with different titles minimum wage under the FLSA for hours worked; (3) not paying tax professionals, tax associates, tax

4

specialists, tax professional assistants, and similarly situated employees holding comparable

positions with different titles minimum wage under the New York Labor Law.

## COLLECTIVE ACTION ALLEGATIONS

19.      Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute their FLSA claims as a

collective action on behalf of all persons who are or were formerly employed by Defendants in

the United States at any time since March 4, 2007 to the entry of judgment in this case (the

"Collective Action Period"), as tax professionals, tax associates, tax specialists, tax professional

assistants, and similarly situated employees holding comparable positions with different titles

and other comparable positions with different titles, who did not receive compensation for all

hours worked and did not receive at least minimum wage for all hours they worked (the

"Collective Action Members").

20.      This Collective Action Class is so numerous that joinder of all members is

impracticable.  Although the precise number of such persons is unknown, and the facts on which

the calculation of that number is dependent are presently within the sole control of the

Defendants, upon information and belief, there are at least 500 members of the Collective Action

class during the Collective Action Period, most of whom would not be likely to file individual

suits because they lack adequate financial resources, access to attorneys or knowledge of their

claims.

21.      Plaintiff will fairly and adequately protect the interests of the Collective Action

Members and has retained counsel that is experienced and competent in the fields of wage and

hour law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with

those members of this collective action.

22.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

23.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and the other Collective Action Members are:

        a.  whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

        b.  what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

        c.  whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff was employed, in violation of 29 C.F.R. § 516.4;

        d.  whether Defendants failed to pay the Collective Action Members for all hours they worked, in violation of the FLSA and the regulations promulgated thereunder;

        e.  whether Defendants failed to pay the Collective Action Members at least minimum wage for all hours they worked, in violation of the FLSA and the regulations promulgated thereunder;

f.  whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

g.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

24.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## NEW YORK CLASS ALLEGATIONS

25.    Plaintiff brings the Second Claim for Relief for violation of New York wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2) and (b)(3), on behalf of the New York Class, defined in paragraph 3.

26.    The New York Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believe, and on that basis alleges, that during the New York Class Period, Defendants have employed at least 100 persons who satisfy the definition of the New York Class.

27.    Common questions of law and fact exist as to members of the New York Class, including but not limited to, the following:

a.  Whether Defendants violated the New York labor Law, Article 6, §§ 190, et seq., and Article 19, §§ 650, et seq., and the supporting New York State Department of Labor regulations;

b.  Whether Defendants unlawfully failed to pay Plaintiff and the members of the New York Class for all hours worked by them;

c.   Whether Defendants unlawfully failed to pay Plaintiff and the members of the New York Class applicable minimum wages under the New York Labor Law;

    d.   Whether Defendants' policy and practice of failing to pay applicable minimum wages to the members of the New York Class violate applicable provisions of the New York Labor Law, including applicable statutory and regulatory authority;

    e.   Whether Defendant's policy and practice of failing to pay Plaintiff and the members of the New York Class for all hours worked by them and failing to pay applicable minimum wages under the New York Labor Law, was done willfully or with reckless disregard of the statute;

    f.   Whether Defendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the New York Labor Law;

    g.   Whether Defendants failed to comply with the posting and notice requirements of the New York Labor Law; and

    h.   The proper measure of damages sustained by the New York Class.

28.    Plaintiff's claims are typical of those of the New York Class. Plaintiff, like other New York Class members, was subjected to Defendants' policy and practice of failing to pay minimum wages, in violation of New York law.

29.    Plaintiff will fairly and adequately represent and protect the interests of the New York Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA and state labor and employment litigation.

30.    Class certification of the Second Claim for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the New York Class, making appropriate declaratory and injunctive relief with respect to the Plaintiff and the New York Class as a whole. The New York Class members are

entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for its benefit.

31.     Class certification of the Second Claim for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  As a result of Defendants' common and uniform policies and members of the New York Class are not paid for all hours worked by them, nor are they paid minimum wage for these hours worked. The damages suffered by individual New York Class members are small compared to the expense and burden of individual prosecution of these claims. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

32.     Plaintiff intends to send notice to all members of the New York Class to the extent required by Rule 23.

## STATEMENT OF FACTS

33.     According to its website, H&R Block, by and through its operating affiliates and subsidiaries, including, as is here relevant, Defendants, is the world's largest tax preparation business, employing 100,000 tax professionals and has served more than 400 million clients. Defendants' website further states that it: (a) prepares 1 in every 7 tax returns; (b) has a retail office within 5 miles of most Americans; (c) delivers customized tax advice for more than 400 occupations; (d) files 1 in every 4 Earned Income Tax Credits; and, (e) has helped clients obtain nearly $30 billion in tax refunds, credits and other government benefits

34.    At all relevant times, Plaintiff and the Collective Action Class and the New York Class was employed by Defendants as tax professionals, tax associates, tax specialists, tax professional assistants.

35.    Pursuant to a uniform corporate policy and practice, Defendants required Plaintiff and all other similarly situated Collective Action Members and the New York Class, to attend and complete 24 hours of mandatory training classes and courses.

36.    Upon information and belief, Plaintiff, and all other similarly situated Collective Action Members and the New York Class, were required to attend these unpaid training courses and attendance was mandatory in order for them to maintain employment with Defendants.

37.    These training courses are directly related to employment with Defendants since, it was designed to enable the Plaintiff and members of the Collective Action and the New York Class, to handle their jobs more effectively and efficiently.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**

38.    Plaintiff, on behalf of herself and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 37 as if they were set forth again herein.

39.    At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

41.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

42.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §

216(b).

43.     The FLSA required each covered employer, such as Defendants, to compensate all employees at a rate of not less than minimum wage for work performed.

44.     The members of the Collective Action are entitled to be paid at least minimum wage for all hours they worked.

45.     At all relevant times, Defendants have had a policy and practice of refusing to pay Plaintiff and the members of the Collective Action at least minimum wages for all hours worked by them.

46.     As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, at least minimum wage for all hours worked, including but not limited to the time they spent attending training programs, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47.     As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

49.     Due to Defendants' FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, are entitled to recover from Defendants, at least minimum wages for all hours worked, an additional, equal amount as liquidated damages for Defendants' willful

violations of the FLSA and for its unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW, § 650 ET SEQ., § 190, ET SEQ., AND
## 12 N.Y.C.R.R. PART 142

50.    Plaintiff, on behalf of herself and all members of the New York Class, realleges and incorporates by reference paragraphs 1 through 37 as if they were set forth again herein.

51.    The foregoing conduct, as alleged, violates the New York Minimum Wage Act, labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190, *et seq.,* and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. § 137 (together, the "New York Labor Law").

52.    At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of New York labor Law § 651. At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiff and each of the New York Class members, within the meaning of the New York Labor Law.

53.    The New York Labor Law requires an employer, such as Defendants, to pay its employees a minimum wage for all hours worked, including, but not limited to, time they spend attending mandatory training directly related to their employment with Defendants.

54.    Defendants failed to pay the Plaintiff and the members of the New York Class, the minimum hourly wages for all time worked, including, but not limited to, time they spend attending mandatory training directly related to their employment with Defendants.

55.    Upon information and belief, Defendants failed to post, in a conspicuous place, a notice issued by the New York State Department of labor summarizing minimum wage provisions, in violation of the New York Labor Law.

56.    Defendant's violations of the NYLL, as described in this Complaint, have been

willful and intentional.

57.     As a result of Defendants' failure to pay the Plaintiff and the members of the New York Class, minimum hourly wages for the time spent attending mandatory training directly related to their employment, Defendants have violated, and continue to violate, the New York Labor Law.

58.     The Plaintiff, on behalf of herself and the New York Class members, seeks recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the New York Labor Law § 663(1).

59.     The Plaintiff, on behalf of herself and the New York Class members, seeks the amount of her, and their, underpayments based on Defendants failure to pay minimum wages for all work performed, including but not limited to time spent attending mandatory training directly related to their employment, liquidated damages, the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, and reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest and such other and further relief as this Court deems just.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of herself and all other similarly situated Collection Action members, prays for relief as follows:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of a FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members and tolling of the statue of limitations;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c.  An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

d.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216;

e.  An award of prejudgment and post-judgment interest;

f.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.  Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff on behalf of herself and all members of the New York Class, prays for relief as follows:

a.   Certification of this action as a class action on behalf of the proposed New York Class;

b.   Designation of Plaintiff as Representative of the New York Class and her counsel as class counsel;

c.   A declaratory judgment that the practices complained of herein are unlawful under New York state law;

d.   An award of unpaid wages for all hours worked as well as overtime compensation due under New York state law, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

e.   Appropriate equitable and injunctive relief to remedy Defendants' violations of New York law, including but not limited to an order enjoining Defendants from continuing its unlawful practices;

f.   An award of liquidated damages as a result of the Defendants' willful failure to pay for all hours worked pursuant to the New York;

g.   Pre-judgment and post-judgment interest as provided by law;

h.   Attorneys' fees and costs of suit, including expert fees and fees pursuant to applicable state laws; and

i.   Such other legal and equitable relief as the Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

by jury on all questions of fact raised by the Complaint.

Dated:  May 10, 2010                                    Respectfully submitted,

                                                        By: s/Harvey P. Sanders
                                                        Harvey P. Sanders, Esq.
                                                        SANDERS & SANDERS
                                                        401 Maryvale Drive
                                                        Cheektowaga, NY 14227

                                                        Seth R. Lesser*
                                                        Fran L. Rudich*
                                                        KLAFTER OLSEN & LESSER LLP
                                                        Two International Drive, Suite 350
                                                        Rye Brook, New York 10573
                                                        Telephone: (914) 934-9200
                                                        Facsimile: (914) 934-9221
                                                        Email: jak@klafterolsen.com
                                                        Email: slesser@klafterolsen.com
                                                        Email: frudich@klafterolsen.com

                                                        Gary E. Mason*
                                                        Nicholas Migliaccio*
                                                        MASON LLP
                                                        1625 Massachusetts Avenue, N.W.
                                                        Suite 605
                                                        Washington, D.C. 20036☐ ☐Main
                                                        Telephone: (202) 429-2290☐
                                                        Facsimile: (202) 429-2294
                                                        Email: GMason@masonlawdc.com
                                                        Email: NMigliaccio@masonlawdc.com

*Pro hac vice or Admission to Be Sought              Attorneys for Plaintiff

# EXHIBIT A

## CONSENT TO BECOME A PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of H&R Block, Inc. and/or any related entities to pay me proper wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them as my agents to make decisions on my behalf concerning the litigation, the method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matter pertaining to this lawsuit, and I also hereby designate Plaintiff's counsel, Seth Lesser and Fran Rudich of Klafter, Olson & Lesser, LLP to represent me in the suit.

_Stacey Oyer_
Signature

_Stacey Oyer_
Print Name

_3/3/2010_
Date

---

PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION, WHICH WILL <u>NOT</u> BE SHARED WITH THE COURT:

REDACTED